MARCO RICOTTA, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ricotta v. Commissioner
Docket No. 26084-85.
United States Tax Court
T.C. Memo 1986-508; 1986 Tax Ct. Memo LEXIS 102; 52 T.C.M. (CCH) 774; T.C.M. (RIA) 86508; October 7, 1986. *102 Held, the affirmative allegations in R's answer were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure. The allegations deemed admitted are sufficient to satisfy R's burden of proving fraud under sec. 6653(b) with respect to the taxable year 1978. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. Marco Ricotta, pro se. Jody Tancer and Charles Williams, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. *103 OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed July 31, 1986, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency dated April 11, 1985, determined a deficiency in petitioner's Federal income tax in the amount of $74,708 and an addition to tax under section 6653(b) in the amount of $37,354 for the taxable year 1978. In his notice of deficiency, respondent determined that petitioner failed to report gross income received from Diton Realty and Halmarc General Construction. The amount of omitted gross income was determined to be $150,715. At the time of filing the petition herein, petitioner resided at New York, New York. A timely petition was filed on July 12, 1985. In his Answer filed on September 25, 1985, respondent made affirmative allegations in support of his determination that all or part of the underpayment of tax was due to fraud within the meaning of section 6653(b). According to the certificate of service attached to respondent's *104 Answer, a copy of the Answer was served on petitioner on September 24, 1985. No reply having been filed, respondent's Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted under Rule 37(c) was filed on December 9, 1985. The certificate of service attached to the motion indicates that a copy was served on petitioner on December 6, 1985. In his motion, respondent asks that all the affirmative allegations in his answer be deemed admitted. By notice dated December 11, 1985, petitioner was notified of the filing of respondent's motion and further was given until December 31, 1985 to file a proper reply. Petitioner was further advised that the Court would grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer if a proper reply was not received. No response having been received from the Court's December 11, 1985 notice, the Court, on January 9, 1986, ordered that the affirmative allegations set forth in paragraphs 7(a) through 7(j) of respondent's Answer be deemed admitted for the purposes of this case. A copy of this order was served on petitioner on January 13, 1986. On July 31, 1986, respondent's *105 Motion for Summary Judgment was filed. In his motion, respondent asks for a summary adjudication on the basis that there is no genuine dispute as to any material issue of fact or law based on the affirmative allegations deemed admitted. On August 5, 1986, the Court served petitioner with a copy of respondent's Motion for Summary Judgment and further notified petitioner that a hearing on the motion was calendared for September 17, 1986 at Washington, D.C. Petitioner was also advised of the provisions of Rule 50(c) providing for the submission of a written statement in lieu of, or in addition to, attendance at the hearing. When this matter was called for hearing at the Motions Session of the Court held in Washington, D.C. on September 17, 1986, counsel for respondent appeared and presented argument on behalf of his motion. No appearance was made by or on behalf of petitioner. Furthermore, no documents were received by the Court under the provisions of Rule 50(c). The following findings of fact are based on the record including the allegations in respondent's Answer deemed admitted by our January 9, 1986 order. FINDINGS OF FACT On his 1978 Federal income tax return, petitioner *106 reported gross income in the amount of $29,907. Petitioner failed to maintain or to submit for examination by respondent complete and adequate books of account and records of his income producing activities as required by the applicable provisions of the Internal Revenue Code. During the taxable year 1978, petitioner received gross income for $180,622 from Diton Realty and Halmarc General Construction. Petitioner fraudulently and with intent to evade tax omitted from his income tax return for the taxable year 1978 gross income in the amount of $150,715. Petitioner's failure to maintain complete and accurate records of his income producing activities and his failure to produce complete and accurate records to respondent in connection with the examination of his income tax return for the taxable year 1978 was fraudulent with the intent to evade tax. Petitioner's correct income tax liability, the income tax liability reported on his return and the understatement of income tax liability for the taxable year 1978 are as follows: Correct income tax liability
$81,845
Income tax liability reported on return
6,957
Understatement of income tax liability
[3] $74,708
The *107 underpayment of income tax for the taxable year 1978 is due in whole or in part to fraud on the part of petitioner with intent to evade and defeat income tax. OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there is no genuine issue of material fact. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party. Espinoza v. Commissioner,78 T.C. 412, 416 (1982). With respect to respondent's determination of an income tax deficiency for 1978, petitioner does not dispute this determination in his petition. Accordingly, *108 there is no genuine issue of material fact with respect thereto and respondent is entitled to a judgment respecting the determination of an income tax deficiency for the taxable year 1978 as a matter of law. [4]
With respect to the addition to tax under section 6653(b), the burden of proof with respect to fraud is on respondent. Respondent must prove by clear and convincing evidence that an underpayment exists and that some part of such underpayment of tax was due to fraud with intent to evade tax, section 7454(a); Rule 142(b); Stratton v. Commissioner,54 T.C. 255 (1970). Respondent's burden can be satisfied through the undenied allegations deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed Opinion).[5] The material factual allegations in respondent's Answer with respect to fraud have been deemed admitted by our order, dated January 9, 1986. In our view, those findings of fact clearly *109 and convincingly establish that in the taxable year 1978 an underpayment of tax exists and a part of the underpayment is due to fraud with intent to evade tax. Based upon the foregoing, we are satisfied that there is no genuine issue as to any material fact present in this record and, thus, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d) of the Internal Revenue Code of 1954, as amended, and Rule 180, Tax Court Rules of Practice and Procedure.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that the difference between $81,845 and $6,957 is $74,888. Since the notice of deficiency and respondent's answer (the allegations of which are deemed admitted) indicate an amount of $74,708, we find this lesser amount as the understatement of tax liability.↩
4. Even if petitioner had put the income tax deficiency in dispute in his petition, the affirmative allegations in respondent's answer deemed admitted are sufficient to eliminate any genuine issue of material fact.↩
5. See also Marshall v. Commissioner,85 T.C. 267 (1985); Twist v. Commissioner,T.C. Memo. 1986-497; Siravo v. Commissioner,T.C. Memo. 1986-482; Jackson v. Commissioner,T.C. Memo. 1986-15↩ (see especially cases cited at n. 8 therein).